UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

2U4U BEAUTY SUPPLY, LLC

      Plaintiff,

                              Case No.

v.

MARKEL INSURANCE COMPANY

      Defendant.

## NOTICE OF REMOVAL

Under 28 U.S.C. §§ 1332, 1441, and 1446, Markel Insurance Company, ("MIC"), gives notice of the removal from the Circuit Court for Milwaukee County, Wisconsin to the United States District Court for the Eastern District of Wisconsin. In support, MIC states:

1.      Plaintiff 2U4U ("2U4U") started this case by filing a summons and complaint in the Circuit Court for Milwaukee County, Wisconsin on July 5, 2022.

2.      2U4U alleges it is a Wisconsin limited liability company with its principal place of business in Kenosha, Wisconsin.

3.      2U4U alleges MIC is a foreign insurance company with its principal place of business in Illinois. MIC admits that it is incorporated in Illinois, with its statutory office in Illinois and its main administrative office in Virginia.

4. Complete diversity of the parties exists, as the only plaintiff is a Wisconsin citizen and the only defendant is not a citizen of Wisconsin.

5. 2U4U served MIC with process via its registered agent in Wisconsin, CT Corporation, on July 8, 2022.

6. 2U4U's claims include several alleged breaches of an insurance contract concerning a property damage loss it claims to have suffered:

> a. $16,221.60 for "Newly Acquired Business Personal Property";

> b. $30,663 for "Business Income and Extra Expense Loss"

7. 2U4U also alleges that Wis. Stat.§ 628.46 applies, which provides for recovery of interest at 7.5% on unpaid but timely-made claims. 2U4U claims statutory damages for alleged delay of over one year in paying $75,000 for destroyed "Business Personal Property" and for continued non-payment of the above sum of $46,884.60. Statutory interest on the allegedly timely-made but untimely-paid claim and the unpaid claims is at least $10,000.

8. 2U4U also makes a claim for bad faith against MIC, alleging that MIC acted "intentionally, wantonly, willfully or with reckless disregard for Plaintiffs rights." Recovery for the tort of first-party bad faith in Wisconsin includes consequential damages, possible punitive damages, and recovery of attorney's fees. If Plaintiff's claims are proven, the tort claims are worth at least $25,000. The amount in controversy, therefore, exceeds $75,000 when considering the bad faith tort claims and the breach of contract and statutory interest claims. <u>DeChant v. Monarch Life Ins. Co.</u>, 200 Wis. 2d

2

Case 2:22-cv-00893-BHL   Filed 08/05/22   Page 2 of 5   Document 1

559, 577, 547 N.W.2d 592, 599 (1996)( "Therefore, we conclude that attorney's fees ... are recoverable by a prevailing party in a first-party bad faith action as part of those compensatory damages resulting from the insurer's bad faith.") See also, *Countrywide Home Loans, Inc. v. Stewart Title Guar. Co.*, No. 06-C-1254, 2007 WL 906154, at *3 (E.D. Wis. Mar. 23, 2007) ("Under Wisconsin law, insurance bad-faith claims permit a plaintiff to recover attorney fees, and expose the defendant to punitive damages as well," finding jurisdictional threshold met where complaint sought $40,000 in damages plus legal fees and punitive damages in connection with a bad-faith insurance claim). "Legal fees count towards the jurisdictional minimum when the prevailing party is entitled to recover them as part of damages." *Id. citing Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958 (7th Cir.1998); *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (7th Cir.1997). "Similarly, punitive damages count towards the jurisdictional minimum if they are recoverable under the complaint." *Id. citing Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240 (1943).

## DIVERSITY JURISDICTION and TIMELY REMOVAL

9. Federal district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332 (A)(1).

10. This case is properly removable under 28 U.S.C. § 1441(b) because the amount in controversy exceeds $75,000 and the parties are of diverse citizenship.

11. MIC removes this case within 30 days of receipt of the summons and complaint in this matter and therefore its removal is timely. 28 U.S.C. § 1446.

13.     In conformity with 28 U.S.C. § 1446(a), copies of "all process, pleadings, and orders" served upon MIC to date, plus all other relevant additional substantive process, pleadings, and orders that exist in the Wisconsin state e-file system in this case as of today's date at the time of removal, are attached as Exhibit A.

15.     The United States District Court for the Eastern District of Wisconsin is the proper federal court for removal of cases pending in the circuit Court for Kenosha County, Wisconsin.

16.     Under 28 U.S.C. § 1446(d), along with filing this notice of removal, MIC has filed a copy of a state court notice of filing this notice of removal with the Milwaukee County Circuit Court. Written notice of filing this notice of removal also will be served on counsel for 2U4U, who will also receive it via the state court e-filing system.

17.     Under the Civil Case Initiation instructions of this Court, documents filed in the state court case are attached as a separate electronic filing and also are labeled as Exhibit A to this Notice. 2U4U demanded a jury in its complaint filed in state court.

        WHEREFORE, Markel Insurance Company gives notice of the removal of this case and requests this that this Court take jurisdiction.

Dated: August 5, 2022                SALBERG TUFFNELL LAW, S.C.
                                     Attorneys for Defendant

                                     Electronically signed by John B. Tuffnell
                                     John B. Tuffnell
                    By:              State Bar No. 1047261
                                     790 N. Milwaukee St., Suite 200
                                     Milwaukee, WI 53202
                                     john@tuff-law.com
                                     262-353-9556