

# CT Corporation
## Service of Process Notification
07/08/2022
CT Log Number 541885891

## Service of Process Transmittal Summary

**TO:** Kathleen Sturgeon
MARKEL
10275 W HIGGINS RD STE 750
ROSEMONT, IL 60018-5625

**RE:** **Process Served in Wisconsin**

**FOR:** Markel Insurance Company (Domestic State: IL)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | 2U4U BEAUTY SUPPLY, LLC vs. Markel Insurance Company |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Interrogatories And Request, Notice |
| **COURT/AGENCY:** | Kenosha County Circuit Court, WI<br>Case # 2022CV000690 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, Madison, WI |
| **DATE/METHOD OF SERVICE:** | By Process Server on 07/08/2022 at 12:35 |
| **JURISDICTION SERVED:** | Wisconsin |
| **APPEARANCE OR ANSWER DUE:** | Within 45 days of receiving this summons |
| **ATTORNEY(S)/SENDER(S):** | Ryan R. Graff<br>MAYER, GRAFF & WALLACE LLP<br>1425 Memorial Drive, Suite B<br>Manitowoc, WI 54220<br>(920) 683-5800 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air , 1ZX212780120754982<br><br>Image SOP<br><br>Email Notification, Kathleen Sturgeon  legalregulatory@markel.com<br><br>Email Notification, LAURIE FORD  laurie.ford@markel.com<br><br>Email Notification, Heather Stenmark  Heather.Stenmark@markel.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>301 S. Bedford Street<br>Suite 1<br>Madison, WI 53703<br>866-401-8252<br>EastTeam2@wolterskluwer.com |



The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

FILED
07-05-2022
Clerk of Circuit Court
Kenosha County
2022CV000690
Honorable David Wilk
Branch 5

STATE OF WISCONSIN    CIRCUIT COURT    KENOSHA COUNTY

2U4U BEAUTY SUPPLY, LLC
5829 6th Avenue
Kenosha, WI 53140

                                  Plaintiff,

v

MARKEL INSURANCE COMPANY
10275 W Higgins Road, Suite 750
Rosemont, IL 60018

                                  Defendant.

Case No. 22-CV-_____
Case Code 30303

PROCESS SERVER _____
TIME __:__ AM/PM DATE 7/8/22
( ) PERSONAL    ( ) SUBSTITUTE
( ) POSTED      ( ) CORPORATE

---

## SUMMONS

---

THE STATE OF WISCONSIN, to the above named defendant:

You are hereby notified that the plaintiff named above has filed a lawsuit or other legal action against you. The complaint, which is attached, states the nature and basis of the legal action.

Within forty-five (45) days of receiving this summons, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the complaint. The Court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the Court, whose address is Kenosha County Courthouse, 912 56th Street, Kenosha, WI 53140 **AND** to Mayer, Graff & Wallace LLP, plaintiff's attorneys, whose address is 1425 Memorial Drive, Suite B, Manitowoc, Wisconsin 54220. You may have an attorney help or represent you. If you do not provide a proper answer within forty-five (45) days, the Court may grant judgment against you for the award of money or other legal action requested in the complaint, and you may lose your right to object to anything that is or may be incorrect in

the complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated this 5th day of July, 2022.

MAYER, GRAFF & WALLACE LLP

*/s/ Ryan R. Graff*

By: _____
Ryan R. Graff
State Bar No. 1051307
Attorneys for Plaintiff 2U4U Beauty Supply, LLC

Mailing Address
1425 Memorial Drive, Suite B
Manitowoc, WI 54220
(920) 683-5800 Telephone
(800) 465-1031 Facsimile
rgraff@mgwlawwi.com

2

FILED
07-05-2022
Clerk of Circuit Court
Kenosha County
2022CV000690
Honorable David Wilk
Branch 5

STATE OF WISCONSIN　　CIRCUIT COURT　　KENOSHA COUNTY

2U4U BEAUTY SUPPLY, LLC
5829 6th Avenue
Kenosha, WI 53140

　　　　　　　　　　　　　　　Plaintiff,

v

MARKEL INSURANCE COMPANY
10275 W Higgins Road, Suite 750
Rosemont, IL 60018

Case No. 22-CV-____
Case Code 30303

　　　　　　　　　　　　　　　Defendant.

---

## COMPLAINT

---

NOW COMES Plaintiff 2U4U Beauty Supply, LLC ("Plaintiff") by and through its attorneys Mayer, Graff & Wallace LLP, and as for a Complaint against the Defendant, Markel Insurance Company, states as follows:

### PARTIES

1. Plaintiff 2U4U Beauty Supply LLC ("Plaintiff") is a Wisconsin limited liability company with an address of 5829 6th Avenue, Kenosha, WI 53140.

2. Defendant Markel Insurance Company ("Markel") is a foreign insurance company licensed to do business in the State of Wisconsin with a statutory home office located at 10275 W. Higgins Road, Suite 750, Rosemont, IL 60018.

### JURISDICATION AND VENUE

3. This court has Jurisdiction over this matter as this action centers around an insurance claim regarding real property located in this state.

4. Venue is proper in Kenosha County as this action centers around an insurance claim related to real property located in this County.

## FACTUAL ALLEGATIONS

### THE PLAINTIFF'S PROPERTY IS DAMAGED BY A COVERED LOSS

5. Plaintiff owns and operates a beauty supply business (the "Business").

6. The Business operated out of leased space in a commercial building located at 6223 22nd Ave., Kenosha, WI 53140 (the "Property") until August 12, 2020.

7. At all material times the Business was insured through Markel via Policy Number BOM0014278-01 (the "Policy").

8. On August 12, 2020, the Property was destroyed by a fire that started due to another tenant's negligence in the other tenant's leased space in the Property.

9. As a result, the Business suffered a complete loss of all inventory and equipment and could not operate (the "Loss").

10. Markel has never disputed that fire damage is a covered loss under the Policy.

### MARKEL DOES NOT PROVIDE COVERAGE UNDER THE POLICY

11. Plaintiff provided Markel a sworn Proof of Loss regarding its destroyed Business Personal Property ("BPP") dated March 9, 2021 (the "BPP POL").

12. The BPP POL established that Plaintiff had lost $88,490.30 in BPP.

13. However, the limit of insurance for BPP is $75,000 under the Policy, so that was the amount Plaintiff claimed in the BPP POL.

14. Plaintiff provided a sworn Proof of Loss for "Newly Acquired Business Personal Property" ("NABPP") dated March 9, 2021.

2

15. Plaintiff claimed $16,221.60 in NABPP, well below the Policy limit of $100,000.

16. Plaintiff also provided Markel a sworn Proof of Loss relating to its Business Income and Extra Expense Loss dated February 18, 2021 (the "BI POL").

17. Plaintiff claimed $30,663.00 in the BI POL.

18. All the amounts claimed by Plaintiff are covered losses under the Policy.

19. Markel demanded that Plaintiff submit to an examination under oath ("EUO") regarding the loss.

20. Plaintiff was subjected to the EUO on June 17, 2021.

21. Plaintiff has provided extensive documentation of the amounts claimed in the Proofs of Loss to Markel, as she hired a public adjuster to assist her in the claims process.

22. Plaintiff also hired an accountant who provided financial information to Markel.

23. Yet, Markel has paid Plaintiff nothing.

24. Despite many demands for same, Markel has provided no correspondence explaining why the amounts claimed are not being paid.

25. Markel made a promise in late November of 2021 to pay "undisputed amounts."

26. In January of 2021 counsel for Markel stated that Plaintiff would be paid $75,000.

27. As such, Markel agrees that Plaintiff is owed at least $75,000.

28. On January 25, 2022, Markel paid $75,000 for the BPP but paid nothing for business income or NABPP.

29. Markel has provided no explanation for the delay in paying the $75,000 it said was undisputed in November.

30. Markel has provided no explanation whosoever why it is not paying other amounts claimed despite many demands for same.

31. There is no basis for Markel to withhold payment for the amounts claimed as they are covered by the Policy.

### FIRST CAUSE OF ACTION: BREACH OF CONTRACT

32. Plaintiff and Markel are parties to the Policy—a contract for insurance.

33. At all relevant times, Plaintiff fully paid, or attempted to pay all premiums of insurance.

34. The Loss was an insured loss under the Policy.

35. Plaintiff should be afforded coverage for the Loss under the Policy as they have made every attempt to live up to their obligations under the Policy, and the Loss is a covered event.

36. Markel has refused to provide coverage under the Policy for the Loss.

37. As such, Markel has breached its duties under the Policy.

38. Further, Markel delayed payment of the $75,000 without reason or explanation.

39. As such, Markel has breached the insurance contract and Plaintiff has suffered damages in an amount to be determined at trial.

### SECOND CAUSE OF ACTION: BAD FAITH

40. Plaintiff repeats and re-alleges all the allegations contained in the above paragraphs as if set forth in full herein and further alleges as follows:

41. By virtue of the policy and Wisconsin law, Markel owed certain express and implied duties and obligations to Plaintiff, including, but not limited to:

    a. A duty of good faith and fair dealing;

    b.    A duty to act in the insureds' best interest;

    c.    A duty to promptly acknowledge communications with respect to claims;

    d.    A duty to promptly perform claim investigation services;

    e.    A duty to attempt in good faith to effectuate a fair and equitable settlement of claims;

    f.    A duty to provide prompt and reasonable explanation of the basis in the policy or applicable law for any delay and/or denial of benefits;

    g.    A duty to refrain from requiring its insured to initiate a lawsuit to recover amounts due and owing under the policy;

    h.    A duty to promptly pay an irrefutable loss in a timely fashion;

    i.    A duty to properly represent the terms and conditions of the policy; and

    j.    A duty to honor express and oral commitments to the insured, including, but not limited to, payment for covered losses and the like.

42.    Markel, through the acts and omissions of its employees and representatives, has breached the implied covenant of good faith and fair dealing by, among other things, intentionally, wantonly, willfully or with reckless disregard for Plaintiff's rights, refusing to pay amounts in accordance with the insurance policy in a timely fashion and in the absence of a reasonable basis for not paying said amounts, and it has failed to proceed in a manner that is honest and informed, despite reasonable efforts, cooperation, and compliance by Plaintiff, thus constituting bad faith.

## THIRD CAUSE OF ACTION: STATUTORY INTEREST

43. Plaintiff repeats and re-alleges all of the allegations contained in the above paragraphs as if set forth in full herein and further alleges as follows:

44. Wis. Stat. § 628.46 requires every insurer, including Markel, to promptly pay every insurance claim. A claim is overdue if not paid within 30 days after the insurer has received written notice of the fact of a covered loss and the amount of the loss.

45. Markel was furnished written notice of a covered loss and amount of the loss.

46. To the extent any portion of the claim is overdue, Plaintiff is entitled to 7.5 percent interest on those amounts.

**WHEREFORE,** Plaintiff demands judgment against Markel as follows:

A. For compensatory damages in the amount of necessary repair costs for damage to the Property, as well as all other damages arising out of the loss, as a result of Markel's breach of contract and bad faith;

B. For payment of all other contractual benefits owing under the insurance policy;

C. For interest on any unpaid portion of the claim that is overdue, pursuant to Wis. Stat. § 628.46;

D. For litigation and investigation costs, including actual attorney fees;

E. For punitive damages; and

F. For all other statutory or taxable costs, or other relief the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY OF 12 PERSONS**

Dated this 5th day of July, 2022.

                MAYER, GRAFF & WALLACE LLP

                */s/ Ryan R. Graff*

By: _____
      Ryan R. Graff
      State Bar No. 1051307
      Attorneys for Plaintiff 2U4U Beauty Supply, LLC

<u>Mailing Address</u>
1425 Memorial Drive, Suite B
Manitowoc, WI 54220
(920) 683-5800 Telephone
(800) 465-1031 Facsimile
rgraff@mgwlawwi.com

7

STATE OF WISCONSIN    CIRCUIT COURT    KENOSHA COUNTY

2U4U BEAUTY SUPPLY, LLC

                              Plaintiff,

v.

MARKEL INSURANCE COMPANY          Case No. 22-CV-79
                                                  Case Code 30303

                              Defendant.

---

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MARKEL INSURANCE COMPANY

---

Plaintiff 2U4U Beauty Supply, LLC by its attorneys, Mayer, Graff & Wallace LLP, requests Defendant Markel Insurance Company respond to the following interrogatories and requests for production within thirty (30) days of the time service is made upon you and in accordance with Wis. Stats. §§ 804.08 and 804.09:

### INTERROGATORIES

1.    State the name, title, employer and address of employment of each and every person providing answers or information responsive to these interrogatories and requests for production.

2.    State whether you have taken any written or recorded statements of any person with regard to the loss at issue or any event pre-dating the loss at issue and relating to the plaintiff. If so, identify the individual whose statement was taken by name, address and telephone number, the individual who took the statement, the date it was taken, and the present custodian of the statement.

3. Identify the name and title of each employee, representative, or agent of Markel Insurance Company who was, at any stage of the claim described in the complaint, responsible for investigating, appraising, or evaluating said claim or determining whether coverage was afforded or excluded for the claim at issue.

4. Do you contend that the plaintiff has deceived or committed a fraud with respect to any aspect of its submission of the claim at issue? If so, specify each and every basis upon which you rely for said contention and identify each writing or document by date, author, and content and the name and address of each witness who will testify in support of said contention.

5. Do you contend that the plaintiff has misrepresented any material fact concerning the loss or claim at issue? If so, specify each and every basis in law or in fact upon which you rely for said contention, and identify all information and witnesses upon whom you rely in support of said contention.

6. If you contend that the plaintiff has violated any duties or obligations owed by them under the applicable policy of insurance in this matter, describe each and every duty or obligation violated, the basis for the alleged violation, and identify each page, section, or clause of the policy that supports the alleged violation.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Produce copies of accurate and legible forms or applications for insurance completed by the plaintiff for the insurance coverage in dispute.

2. Produce copies of any correspondence, memorandums or emails generated or issued by any employee, agent or representative of the defendant to anyone for any purpose related to the claim at issue and made before the commencement of this litigation.

2

3. Produce copies of any recorded communications and telephone records by or to any employee, agent or representative of the defendant for any purpose related to the claim at issue or the events leading up to the claim at issue.

4. Produce copies of any reports, memorandums, letters, correspondence or any other document upon which the defendant bases its denial on the portion of the claim at issue alleged in the complaint.

5. Produce copies of any pictorial evidence, photographs, videotapes or other visual evidence of any sort pertaining to any item of personal property or real property damage for the claim at issue.

6. Produce copies of any documents reviewed or relied upon in responding to any of the above interrogatories.

7. Produce copies of any recorded communications, phone calls or emails to or from the plaintiff or the plaintiff's agents or representatives, at any time, with respect to the claim at issue.

8. Produce a complete copy of Markel Insurance Company's underwriting file, including, but not limited to, applications, property evaluations, estimates, forms, methods, or processes used to undertake the property evaluation, and correspondence.

9. Produce copies of any written or electronic correspondence to or from the plaintiff, or any of their representatives, at any time.

10. Produce a copy of the claims log or notes that were generated by any employee, representative or agent of the defendant with respect to the claim at issue from the date of loss until the commencement of this litigation.

11. Produce a certified copy of the policy or policies of insurance that may provide coverage for the claim described in the complaint.

12. Produce copies of any photographs or videos related to the plaintiff or their property taken prior to or after the date of loss, whether electronic or pictorial.

13. Produce a copy of Markel Insurance Company's claims manual in effect at the time of this loss for handling first-party losses.

14. Produce copies of any estimates, valuations or reports undertaken or obtained with respect to the claim at issue, and any communications regarding said estimates, valuations or reports.

15. Produce copies of all written or electronic communications related to any reports received by the defendant from any expert or consultant hired to investigate the claim at issue.

16. Produce Markel Insurance Company's claims file, including all electronic communications, for the claim at issue in this matter.

Dated this 6th day of July, 2022.

                MAYER, GRAFF & WALLACE LLP

                /s/ Ryan R. Graff

        By: _____
                Ryan R. Graff
                State Bar No. 1051307
                Attorneys for Plaintiff 2U4U Beauty Supply, LLC

Mailing Address
1425 Memorial Drive, Suite B
Manitowoc, WI 54220
(920) 683-5800 Telephone
(800) 465-1031 Facsimile
rgraff@mgwlawwi.com

| | | | |
|---|---|---|---|
| STATE OF WISCONSIN | CIRCUIT COURT | KENOSHA | FILED<br>07-05-2022<br>Clerk of Circuit Court<br>Kenosha County<br>2022CV000690<br>Honorable David Wilk<br>Branch 5 |

2U4U Beauty Supply, LLC vs. Markel Insurance Company     **Electronic Filing Notice**

Case No. 2022CV000690
Class Code: Other-Contract

---

MARKEL INSURANCE COMPANY
SUITE 750
10275 W. HIGGINS ROAD
ROSEMONT IL 60018

Case number 2022CV000690 was electronically filed with/converted by the Kenosha County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 6b62e7**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 262-653-2664.

Kenosha County Circuit Court
Date: July 6, 2022

GF-180(CCAP), 11/2020 Electronic Filing Notice                                                        §801.18(5)(d), Wisconsin Statutes
This form shall not be modified. It may be supplemented with additional material.