UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

2U4U BEAUTY SUPPLY, LLC,

        Plaintiff,

Case No. 2:22-cv-00893-BHL

v.

MARKEL INSURANCE COMPANY,

        Defendant.

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant Markel Insurance Company ("MIC" or "Defendant"), by and through counsel, hereby submits the following answer and affirmative defenses to the Complaint of Plaintiff 2U4U Beauty Supply, LLC ("Plaintiff"). MIC denies any and all allegations that are not specifically admitted herein.

### PARTIES

1. Upon information and belief, MIC admits in the allegations in Paragraph 1.

2. MIC admits the allegations in Paragraph 2.

### JURISDICTION AND VENUE

3. Paragraph 3 contains statements of law and/or legal conclusions to which no response is required. To the extent a response in required, MIC admits that this action involves insurance claims regarding real property located in Wisconsin. Answering further, MIC does not dispute that this Court has jurisdiction.

4. Paragraph 4 contains statements of law and/or legal conclusions to which no response is required. To the extent a response in required, MIC does not dispute that venue is proper in this Court.

## FACTUAL ALLEGATIONS

### THE PLAINTIFF'S PROPERTY IS DAMAGED BY A COVERED LOSS

5. Upon information and belief, MIC admits in the allegations in Paragraph 5.

6. Upon information and belief, MIC admits in the allegations in Paragraph 6.

7. In response to Paragraph 7, MIC admits that it issued a Business Owners Policy (Policy No. BOM0014278-01) (the "Policy") to Plaintiff. Answering further, MIC states that the Policy speaks for itself, and therefore, to the extent the allegations in Paragraph 7 are inconsistent with the express terms of the Policy, MIC denies the same.

8. MIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and therefore denies the same.

9. MIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and therefore denies the same.

10. In response to Paragraph 10, MIC states that the Policy speaks for itself, and therefore, to the extent the allegations in Paragraph 10 are inconsistent with the express terms of the Policy, MIC denies the same. Answering further, MIC states that any coverage determinations MIC made in connection with Plaintiff's alleged losses were based on the Policy's express terms.

### MARKEL DOES NOT PROVIDE COVERAGE UNDER THE POLICY

11. In response to Paragraph 11, MIC admits that Plaintiff submitted a Sworn Statement in Proof of Loss for Business Personal Property dated March 9, 2021 (the "BPP POL").

12. Paragraph 12 contains statements of law and/or legal conclusions to which no response is required. To the extent a response in required, MIC admits only that the BPP POL

2

Case 2:22-cv-00893-BHL   Filed 08/18/22   Page 2 of 8   Document 6

alleged loss and damage in the amount of $88,490.30. MIC denies that the BPP POL "established" the amount of Plaintiff's loss.

13. In response to Paragraph 13, MIC admits that the BPP POL claimed $75,000 under the Policy. Answering further, MIC states that the Policy speaks for itself, and therefore, to the extent the allegations in Paragraph 13 are inconsistent with the express terms of the Policy, MIC denies the same.

14. In response to Paragraph 14, MIC admits that Plaintiff submitted a Sworn Statement in Proof of Loss for Newly Acquired Business Personal Property dated March 9, 2021 (the "NABPP POL").

15. In response to Paragraph 15, MIC admits that the NABPP POL claimed $16,221.60 under the Policy. Answering further, MIC states that the Policy speaks for itself, and therefore, to the extent the allegations in Paragraph 15 are inconsistent with the express terms of the Policy, MIC denies the same.

16. In response to Paragraph 16, MIC admits that Plaintiff submitted a Sworn Statement in Proof of Loss for Business Loss of Income and Extra Expense dated February 18, 2021 (the "BI POL").

17. In response to Paragraph 17, MIC admits that the BI POL claimed $30,663.00 under the Policy.

18. Paragraph 18 contains statements of law and/or legal conclusions to which no response is required. To the extent a response in required, MIC denies the allegations in Paragraph 18.

19. In response to Paragraph 19, MIC admits that it requested a representative of the Plaintiff submit to an examination under oath in accordance with the express terms of the Policy.

20. In response to Paragraph 20, MIC admits that it conducted an examination under oath of Plaintiff's representative on June 17, 2021.

21. In response to Paragraph 21, MIC admits only that Plaintiff submitted certain documentation in connection with Plaintiff's Proofs of Loss, including documentation submitted by a public adjuster on Plaintiff's behalf. MIC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21, and therefore denies the same.

22. In response to Paragraph 22, MIC admits that an accountant submitted financial information to MIC on Plaintiff's behalf.

23. MIC denies the allegations in Paragraph 23.

24. MIC denies the allegations in Paragraph 24.

25. MIC denies the allegations in Paragraph 25.

26. In response to Paragraph 26, MIC admits that MIC's counsel informed Plaintiff that MIC would pay Plaintiff $75,000 in accordance with the terms of the Policy, but denies that occurred in January of 2021.

27. MIC denies the allegations in Paragraph 27.

28. In response to Paragraph 28, MIC admits only that it paid Plaintiff $75,000 for Business Personal Property coverage, in accordance with the terms of the Policy.

29. MIC denies the allegations in Paragraph 29.

30. MIC denies the allegations in Paragraph 30.

31. Paragraph 31 contains statements of law and/or legal conclusions to which no response is required. To the extent a response in required, MIC denies the allegations in Paragraph 31.

## FIRST CAUSE OF ACTION: BREACH OF CONTRACT

32. Paragraph 32 contains statements of law and/or legal conclusions to which no response is required. To the extent a response in required, MIC states that the Policy speaks for itself, and therefore, to the extent the allegations in Paragraph 32 are inconsistent with the express terms of the Policy, MIC denies the same.

33. MIC admits only that at the time of the alleged loss, Plaintiff was current in payment of premiums. MIC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33, and therefore denies the same.

34. Paragraph 34 contains statements of law and/or legal conclusions to which no response is required. To the extent a response in required, MIC denies the allegations in Paragraph 34.

35. MIC denies the allegations in Paragraph 35.

36. MIC denies the allegations in Paragraph 36.

37. MIC denies the allegations in Paragraph 37.

38. MIC denies the allegations in Paragraph 38.

39. MIC denies the allegations in Paragraph 39.

## SECOND CAUSE OF ACTION: BAD FAITH

40. In response to Paragraph 40, MIC hereby repeats and reasserts each of its responses above.

41. Paragraph 41 contains statements of law and/or legal conclusions to which no response is required. To the extent a response is required, MIC denies that it breached any duty owed to Plaintiff.

42. MIC denies the allegations in Paragraph 42.

## THIRD CAUSE OF ACTION: STATUTORY INTEREST

43. In response to Paragraph 43, MIC hereby repeats and reasserts each of its responses above.

44. Paragraph 44 contains statements of law and/or legal conclusions to which no response is required.

45. MIC denies the allegations in Paragraph 45.

46. MIC denies the allegations in Paragraph 46.

WHEREFORE, MIC denies Plaintiff is entitled to any of the relief requested in the Complaint.

## AFFIRMATIVE DEFENSES

MIC, by way of further answer and affirmative defense, but not in diminution or derogation of the admissions or denials set forth above, and subject to amendment at the conclusion of all pretrial discovery, does allege and state the affirmative defenses enumerated below. MIC reserves the right to raise additional defenses.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims fail as a matter of law due to failure of consideration in the form of payment of premium to MIC to compensate for the risks MIC would have assumed for the purported insurance Plaintiff asserts it is entitled to.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are be barred, in whole or in part, by the Plaintiff's failure to comply with its "Duties In The Event Of Loss Or Damage" as set forth in the Policy.

**WHEREFORE**, MIC respectfully requests that this Court grant judgment in favor of Defendant and against Plaintiff upon the claims in the Complaint; grant Defendant its reasonable costs incurred herein; and grant such other relief as the Court may deem just and equitable.

DATED: August 18, 2022

                                                Respectfully submitted,

                                                **Salberg Tuffnell Law, S.C.**

                                                *Attorneys for Defendant,*
                                                *Markel Insurance Company*

                                                18 E. Washington Street Suite 101
                                                West Bend, WI 5309
                                                Telephone: (262) 353-9556
                                                E-Mail: john@tuff-law.com

                                                */electronically signed by/ John B. Tuffnell*
                                                John B. Tuffnell, Esq.
                                                State Bar No. 1047261

7

Case 2:22-cv-00893-BHL   Filed 08/18/22   Page 7 of 8   Document 6

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18 day of August 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day upon all counsel of record or *pro se* parties identified in the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for the counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*electronically signed by John B. Tuffnell*